

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

August 18, 1950

Mrs. Herbert Gambrell, Chairman
Texas Library and Historical Commission
Fair Park
Dallas 1, Texas

Opinion No. V-1088.

Re: Availability of Item 16 of the
appropriations for the current
biennium to the Texas Library
and Historical Commission for
the payment of travel expense.
Acts 51st Leg., R.S. 1949, ch.
615, p. 1208.

Dear Mrs. Gambrell:

We quote from your request for an opinion as follows:

"The Texas Library and Historical Commission would appreciate a ruling regarding the chargeability of travel expense of members of the Commission to specific appropriation items made to the Commission by the Legislature. . .

"The Commission's need for a current ruling grows out of these circumstances: the last regular session of the Legislature made an appropriation of $75,000 to the Texas Library and Historical Commission for 'Renovation and Reorganization' of the Texas State Library. (item 16). Ordinary travel expense of Commissioners and staff are normally charged to item 17, which specifically mentions 'travel,' along with a number of other types of operating expense.

"Since item 17 is the main operating account of the Library, covering all ordinary office maintenance expenditure (such as telephone, stationery, supplies, etc.) funds in it

are stringently limited by the practical
necessities of ordinary operation. In other
words, there would be some handicap to the
Library in allocating to the ordinary travel
account of item 17, travel expense of Commis-
sioners transacting elements of the unusual
and complex business arising in connection
with the renovation and reorganization pro-
gram. It would appear that such necessary
travel by a member or members of the govern-
ing body of the institution is a contingency
properly covered by the word 'contingencies'
in the appropriation made for Renovation and
Reorganization, item 16.

"I have recently asked two members of
the Commission to handle some essential du-
ties in connection with the renovation and
reorganization program. These members are
Mr. John Gould of Wichita Falls, Vice Chair-
man of the Commission, and Mr. L. W. Kemp of
Houston, whose knowledge of and interest in
the Texas State Archives, which are particu-
larly affected by the renovation and reorgan-
ization program, makes his service very val-
uable to us.

"Mr. Kemp and Mr. Gould have agreed to
render the Commission their service and I want
to be familiar with the legal status of their
reimbursement for travel, so that proper pro-
cedure may be followed, especially in the
charging of their travel expenses to specific
items of our appropriation.

"It would be much appreciated if we might
have your ruling on these questions:

"1. May a Commissioner's expense for
travel undertaken specifically to transact
business of the renovation and reorganization
program be charged to item 16, Renovation and
Reorganization, without regard to the residual
balance in item 17, the general operating ac-
count which specifically mentions travel?

"2. If not, then if the residual balance
in item 17 be insufficient for reimbursement of

such travel expense, may such expense then
be charged to item 16, Renovation and Reor-
ganization, or any other item of the appro-
priation made to the Commission?"

The appropriations for the support and mainten-
ance of the respective departments and agencies of the
State for the current biennium beginning September 1, 1949,
and ending August 31, 1951, are contained in the Depart-
mental Appropriation Bill of 1949 (H.B. 322, Acts 51st Leg.,
R.S. 1949, ch. 615, p. 1208). Section 1 of this Act con-
tains specific appropriations to each of these departments
and agencies, including the Texas Library and Historical
Commission, for each year of the current biennium. These
specific appropriations are followed by "General Provisions,"
including Sections 2 through 38, which contain many restric-
tive provisions limiting and controlling the expenditure of
the appropriations contained in Section 1 to the respective
departments and agencies. Therefore, it becomes necessary
in answering your questions to not only look to the specific
items of appropriations with which we are here concerned,
but to any general provision which may restrict or limit the
expenditure thereof.

The appropriations to the Commission for the "Main
Library" are found on page 1281 of the Act. Under the sub-
head "Maintenance and Miscellaneous" appear Items 16 and 17
to which you have directed our attention. These Items read
respectively as follows:

|  | "For the Years Ending |  |
|---|---|---|
|  | August 31, 1950 | August 31, 1951 |
| 16. Renovation and reorgani-zation, including paint-ing, repairing, floor cov-erings, lighting equipment, purchase or rentals of of-fice machines, exhibit cases, care and repair of paintings and statuary, ex-tra help necessary to pro-ject, contingencies | $50,000.00 | $25,000.00 |

For the Years Ending
August 31,     August 31,
1950        1951

17. Stationery, supplies,
printing, postage, ex-
press, freight, tele-
phone, telegraph, furn-
iture and equipment,
purchase or rental of
office machines, bond
premiums, <u>travel ex-
pense</u>, automotive
equipment and mainten-
ance, contingencies       $10,000.00    $10,000.00"
(Emphasis added)

The provisions of paragraph (b), Section 15, which especially apply to the appropriations contained in Items 16 and 17, are:

"The appropriations herein provided are to be construed as the maximum sums to be appropriated to and for the several purposes named herein, and the amounts are intended to cover, and shall cover the entire cost of the respective items and the same shall not be supplemented from any other sources. . . and, except as otherwise provided, no other expenditures shall be made, nor shall any other obligations be incurred by any department of this State; provided, however, that nothing herein shall prevent any department head from paying less than the maximum amount set forth herein for any salaried positions."

The above quoted restrictive language has been included in the respective Departmental Appropriation Bills for many years. This office has heretofore answered questions calling for construction and application of this identical language to specific appropriations. A.G. Opinions Numbers O-1294, O-1321, O-1332, O-5899, V-1015.

The holdings in the above mentioned opinions in so far as applicable to your questions may be summarized as follows:

1. When a department is provided with a specific item of appropriation for "travel expenses," or for travel and other expenses, the amount so provided is the maximum which may be expended for "travel expense," and may not be supplemented from any source, unless the appropriation bill specifically so provides.

2. When a department has not been provided with a specific appropriation for "travel expenses" or for travel and other expenses, "travel expense" may be paid from an item of appropriation for "contingencies" or for "contingencies" and other expenses, unless the appropriation bill specifically prohibits such expenditure.

Item 17 contains appropriations for "travel expense," and numerous other purposes. Item 16 contains appropriations for "contingencies" and other purposes, none of which is for "travel expense." The appropriation bill in which these items are found does not specifically authorize the payment of traveling expenses incurred by members of the Commission, or any of its employees, out of "contingencies" or the appropriations contained in Item 16.

In view of the foregoing, you are respectfully advised that travel expenses incurred by a member of the Texas Library and Historical Commission in connection with the "Renovation and Reorganization" program, provided for in Item 16 of the appropriations to the Commission for the current biennium, cannot be paid out of that item of appropriations, even though "the residual balance in Item 17 be insufficient for reimbursement of such travel expense." The only item of appropriations available for the payment of traveling expenses incurred by members of the Commission and employees of the Commission is Item 17.

## SUMMARY

Travel expenses incurred by a member of the Texas Library and Historical Commission in connection with the "Renovation and Reorganization" program, provided for in Item 16 of the appropriations to the Commission for the current biennium cannot be paid out of the appropriations contained in that item, even though the residual balance in Item 17 be insufficient for reimbursement of such travel

expenses. The only item of appropriations available for the payment of traveling expenses of members and employees of the Commission is Item 17 which is a specific appropriation for "travel expense." Acts 51st Leg., R.S., 1949, ch. 615, p. 1208; A.G. Opinions Nos. O-1294, O-1321, O-1332, O-5899, V-1015.

APPROVED:

C. K. Richards
Trial & Appellate
Division

Charles D. Mathews
First Assistant

Yours very truly,

PRICE DANIEL
Attorney General

By
Bruce W. Bryant
Assistant

BWB:wb